**Johnnie WIDNER, Plaintiff–Appellant,**

v.

**Roger WELLS, Defendant–Appellee.**

No. 02–5788.

United States Court of Appeals, Sixth Circuit.

Feb. 3, 2003.

Before DAUGHTREY and COLE, Circuit Judges; and SARGUS, District Judge.*

*ORDER*

Johnnie Widner appeals a district court grant of summary judgment for defendant in this civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Widner filed his complaint in the district court alleging that the defendant detective with the Kenton County Kentucky, Commonwealth Attorney's Office violated his constitutional rights when he submitted an affidavit based on false and misleading information that led to his indictment on a persistent felony offender charge that ultimately was vacated by the Kentucky Court of Appeals. Plaintiff named defendant in his individual capacity and sought money damages. Defendant moved for summary judgment, and plaintiff responded in opposition. The magistrate judge recommended that defendant's motion for summary judgment be granted because defendant is entitled to qualified immunity, and plaintiff filed objections. The district court adopted the magistrate judge's recommendation and granted summary judgment for defendant. Plaintiff filed a timely notice of appeal.

Upon de novo review, *see Brooks v. Am. Broad. Cos.,* 932 F.2d 495, 500 (6th Cir. 1991), we will affirm the judgment because defendant is entitled to qualified immunity under the circumstances of this case. The pertinent facts are not in dispute, many of which recently were summarized by this court as follows:

> ... Widner was convicted in 1992 of trafficking in marijuana and being a first degree persistent felony offender (PFO), and was sentenced to ten years of imprisonment. On appeal, Widner successfully argued that he was not a first degree PFO because one of the convictions relied on dated from when he was a juvenile. The Kentucky Court of Appeals therefore remanded the case for resentencing. In 1994, Widner appeared before the defendant judge, represented by appointed counsel defendant Redwine, when the defendant prosecutor

---

* The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

moved to amend the indictment and charge Widner as a second degree PFO. Appointed counsel did not object, and the judge granted the motion and proceeded to sentence Widner to ten years of imprisonment, without allowing Widner an opportunity to plead to the new charge. Widner objected to this proceeding in a state habeas corpus action, and succeeded in gaining his release when the writ issued on January 9, 1998. State officials issued a new warrant for Widner's arrest as a second degree PFO. Widner made bond, but subsequently failed to appear and was charged with bail jumping and being a first degree PFO. He was convicted and sentenced to ten years of imprisonment. *Widner v. Bracke,* No. 99–6328, 2000 WL 1140693 (6th Cir. Aug. 7, 2000). In addition, it should be noted that the warrant for Widner's arrest was issued after a grand jury indicted Widner based on defendant's affidavit in which defendant correctly represented that habeas corpus relief had issued based on the sentencing court's improper resentencing procedure. Thereafter, Widner was convicted of the second degree PFO charge following a jury trial and was sentenced to ten years of imprisonment on this charge in 1999. However, the conviction was vacated by the state court of appeals on direct appeal because the court concluded that Widner could not be deemed to have completed service of his prior adult felony sentences before he committed the underlying felony. *Widner v. Commonwealth,* No. 91–CR–00007 (Ky.Ct.App. Aug. 18, 2000) (unpublished).

The defendant investigator is entitled to qualified immunity in this case. In the context of seeking arrest warrants, investigators are entitled to broad qualified immunity protection from "all but the plainly incompetent or those who knowingly violate the law." *See Ireland v. Tunis,* 113 F.3d 1435, 1448 (6th Cir.1997) (quoting *Malley v. Briggs,* 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986)). Immunity lies were a reasonably competent investigator with defendant's knowledge could have acted as defendant did. *Id.* at 1449. Here, the defendant investigator presented an affidavit on the basis that habeas corpus relief had issued because of an improper resentencing, but that Widner remained a persistent felony offender. Although the state court of appeals ultimately disagreed, a reasonably competent investigator with defendant's knowledge could have acted as defendant did. Accordingly, defendant is entitled to qualified immunity in this case.

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.